# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

MARY KOSKO, )
 )
      Plaintiff, )
 )
vs. )   Case No: CIV-10-657-L
 )
MICHAEL ASTRUE, Commissioner, )
Social Security Administration, )
 )
      Defendant. )

## REPORT AND RECOMMENDATION

Mary Kosko ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) seeking judicial review of the Defendant Commissioner's final decision denying Plaintiff's applications for disability insurance benefits and supplemental security income payments under the Social Security Act. This matter has been referred to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Upon review of the pleadings, the record ("Tr.") and the parties' briefs, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

## Administrative Proceedings

Plaintiff initiated these proceedings by protectively filing her applications seeking disability insurance benefits and supplemental security income payments in December, 2006 [Tr. 157 - 160, 161 - 163, and 173]. She alleged, in part, that fibromyalgia, chronic back pain, and arthritis became disabling as of August, 2005[1] [Tr. 177]. Plaintiff's claims were

---

[1]Plaintiff also claimed that she suffered from mental impairments; these are not
(continued...)

denied and, at her request [Tr. 104], an Administrative Law Judge ("ALJ") conducted hearings in October, 2008 [Tr. 37 - 80] and February, 2009 [Tr. 21 - 36] where Plaintiff, who was represented by counsel, and a vocational expert testified. In her May, 2009 decision, the ALJ found that while Plaintiff was unable to perform her past relevant work, she retained the capacity to perform other available work and, accordingly, was not disabled within the meaning of the Social Security Act [Tr. 10 - 20]. The Appeals Council of the Social Security Administration declined Plaintiff's request for review [Tr. 1 - 4], and Plaintiff subsequently sought review of the Commissioner's final decision in this court.

**Standard of Review**

This court is limited in its review of the Commissioner's final decision to a determination of whether the ALJ's factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citations and quotations omitted). Nonetheless, while this court can neither reweigh the evidence nor substitute its own judgment for that of the ALJ, the court's review is not superficial. "To find that the [Commissioner's] decision is supported by substantial evidence, there must be sufficient relevant evidence in the record that a reasonable person might deem adequate to support the ultimate conclusion." *Bernal v. Bowen,* 851 F.2d 297, 299 (10th Cir. 1988) (citation omitted). "A decision is not based on

---

[1](...continued)
addressed in this report because Plaintiff's claim on judicial review relates only to her physical condition [Doc. No. 14, p. 3].

substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Id.* at 299.

**Determination of Disability**

The Social Security Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C.§§423(d)(1)(A). The Commissioner applies a five-step inquiry to determine whether a claimant is disabled. *See* 20 C.F.R. §§404.1520(b)-(f), 416.920(b)-(f); *see also Williams v. Bowen*, 844 F.2d 748, 750-752 (10th Cir. 1988) (describing five steps in detail). Under this sequential procedure, Plaintiff bears the initial burden of proving that she has one or more severe impairments. 20 C.F.R. §§ 404.1512, 416.912; *Turner v. Heckler*, 754 F.2d 326, 328 (10th Cir. 1985). Then, if Plaintiff makes a prima facie showing that she can no longer engage in prior work activity, the burden of proof shifts to the Commissioner to show that Plaintiff retains the capacity to perform a different type of work and that such a specific type of job exists in the national economy. *Turner*, 754 F.2d at 328; *Channel v. Heckler,* 747 F.2d 577, 579 (10th Cir. 1984).

**Plaintiff's Claim of Error**

Plaintiff maintains that the ALJ failed to properly consider an opinion given by Plaintiff's treating physician, Mike Anderson, M.D. [Doc. No. 14, pp. 4 - 5].

**Analysis**

On February 28, 2007, Dr. Mike Anderson – acknowledged as Plaintiff's treating physician by the ALJ [Tr. 17] – completed a Medical Source Opinion of Residual Functional Capacity [Tr. 340]. He concluded that during an eight hour work day Plaintiff could sit for two to three hours, stand and/or walk for up to one hour, lift and/or carry less than ten pounds, use her arms for reaching, pushing, and pulling for two to three hours, and use her hands for grasping, handling, fingering, or feeling for four to five hours. *Id.* Dr. Anderson attributed these limitations to pain and fatigue. *Id.* The vocational expert testified that an individual with these limitations could not engage in full-time employment [Tr. 32 - 33].

The ALJ determined that Plaintiff could perform light work [Tr. 17];[2] consequently, she rejected Dr. Anderson's evaluation of Plaintiff's functional physical limitations. The following is the explanation offered by the ALJ of her consideration of Dr. Anderson's opinions:[3]

---

[2]Under Social Security regulations,

> [l]ight work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing or pulling of arm or leg controls. . . .

20 C.F.R §§ 404.1567(b), 416.967(b).

[3]Unless otherwise indicated, quotations in this report are reproduced verbatim.

      As for the opinion evidence, treating physician Mike Anderson, M.D., opines the claimant cannot work due to depression and back pain (Exhibit 20F).[4] Dr. Anderson has also simple stated the claimant cannot work (Exhibit 12F). The evidence reveals the claimant has seen Dr. Anderson for a number of years for a variety of conditions. He has prescribed medication as documented in his records. Dr. Anderson reports the claimant has pain and fatigue (Exhibit 6F).[5] His treatment notes also document his comments the claimant should see a chronic pain specialist (Exhibit 18F). Dr. Anderson's records document the claimant's history of pain, and to some degree depression; however, the treatment notes do not support Dr. Anderson's conclusion that the claimant cannot work. . . . As provided in Social Security Administration 96-5p: POLICY INTERPRETATION RULING TITLES II AND XVI: MEDICAL SOURCE OPINIONS ON ISSUES RESERVED TO THE COMMISSIONER, Social Security regulations provide that the final responsibility for deciding certain issues, such as whether an individual is disabled under the Act, is reserved to the Commissioner. Opinions from any medical source about issues reserved to the Commissioner must never be ignored. In a case such as this, which contains an opinion from a medical source on an issue reserved to the Commissioner, the adjudicator must evaluate all the evidence of record to determine the extent to which the opinion is supported by the record. Consequently, the undersigned has considered the supportability of the opinions expressed by Dr. Anderson . . . as well as the consistency with the record as a whole. The evidence in its entirety, including the treatment notes maintained by Dr. Anderson . . . does not support or substantiate the conclusions reached. . . . Dr. Anderson's records do not substantiate his conclusions that the claimant is unable to work due to back pain or depression.
. . .

[Tr. 17 - 18].

      Under the law of the Tenth Circuit, "[a]ccording to what has come to be known as the treating physician rule, the Commissioner will generally give more weight to medical

---

[4] On April 15, 2008, Dr. Anderson stated that Plaintiff was "[u]nable to work due to depression & chronic back pain." [Tr. 584]. The ALJ's rejection of this opinion or of any conclusory opinion of inability to work is not at issue in this appeal.

[5] This is the Medical Source Opinion of Residual Functional Capacity statement which Plaintiff claims was not properly considered by the ALJ [Tr. 340].

opinions from treating sources than those from non-treating sources." *Langley v. Barnhart,* 373 F.3d 1116, 1119 (10th Cir. 2004). A sequential analysis must be undertaken by an ALJ when considering a treating source medical opinion which relates to the nature and severity of a claimant's impairments. *Watkins v. Barnhart,* 350 F.3d 1297, 1300 (10th Cir. 2003). The first step, pursuant to Social Security Ruling ("SSR") 96-2p, 1996 WL 374188, at *2, is to determine whether the opinion is well-supported by medically acceptable techniques. *Watkins,* 350 F.3d at 1300. At the second step, adjudicators are instructed that "[e]ven if well-supported by medically acceptable clinical and laboratory diagnostic techniques, the treating source's medical opinion also must be 'not inconsistent' with the other 'substantial evidence' in the individual's case record." SSR 96-2p, 1996 WL 374188, at *2. If both of these factors are satisfied with regard to a medical opinion from a treating source, "the adjudicator must adopt a treating source's medical opinion irrespective of any finding he or she would have made in the absence of the medical opinion." *Id.* If, on the other hand, "the opinion is deficient in either of these respects, then it is not entitled to controlling weight." *Watkins,* 350 F.3d at 1300.

Once the ALJ determines that a treating source opinion is not entitled to controlling weight, she must consider the weight she does give to such opinion "using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927.'" *Id.* "Those factors are: (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant

6

evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion." *Id.* at 1300-1301. If she rejects the opinion completely, the ALJ must offer specific and legitimate reasons for so doing. *Id*; *Miller v. Chater,* 99 F.3d 972, 976 (10th Cir. 1996).

Plaintiff argues that "the closest the ALJ got to even discussing Dr. Anderson's opinion (Tr. 340) was to acknowledge that Dr. Anderson said the plaintiff had pain and fatigue." [Doc. No. 14, p. 5]. In response, the Commissioner states that in addition to specifically referencing the opinion – Exhibit 6F found at Tr. 340 – the ALJ "also acknowledged that Dr. Anderson made simple conclusory statements that Plaintiff cannot work (Tr. 17)." [Doc. No. 15, p. 4]. The Commissioner argues that "Social Security Rulings state that conclusory physician statements that their patients cannot work, are never entitled to controlling weight because they are statements that concern issues reserved exclusively to the ALJ, *and they do not contain specific restrictions relevant to sitting, standing/walking, lifting, etc.*" *Id.* (emphasis added). The Commissioner is making Plaintiff's case: it is precisely these specific functional restrictions imposed by Dr. Anderson as to sitting, standing/walking, and lifting [Tr. 340] that Plaintiff maintains were improperly rejected. As was previously stated and as is clear from her brief, Plaintiff is *not* appealing the ALJ's rejection of Dr. Anderson's statements that Plaintiff was unable to work. Instead, she is challenging the ALJ's implicit rejection – implicit because the decision makes no mention

7

of the specific restrictions – of Dr. Anderson's medical opinion with regard to Plaintiff's functional restrictions.

The Commissioner then argues that "the ALJ discounted" Dr. Anderson's medical source opinion "because Dr. Anderson's own medical records, as well as the record as a whole, do not support such significant restrictions of function (Tr. 17)." [Doc. No. 15, p. 5]. These, however, are the Commissioner's words, not those of the ALJ. The ALJ made *no* reference to "restrictions of function" *id.,* in her discussion of Dr. Anderson's opinions. Rather, she stated that "the treatment notes do not support Dr. Anderson's conclusion that the claimant cannot work." [Tr. 17]. Thereafter, the decision reflects only the ALJ's consideration of a medical opinion on an issue reserved to the Commissioner; there is no indication that the ALJ considered the functional limitations imposed by Dr. Anderson.

Next, and while the ALJ was also silent on this point,[6] the Commissioner observes that Dr. Anderson's functional restriction opinion "does not contain any explanation or reference to clinical findings to support the assessment (Tr. 340)." [Doc. No. 15, p. 5]. The Commissioner than states that "[i]n comparison, the state Agency medical experts specifically referenced the x-ray results and the fact examinations showed Plaintiff had a normal gait, normal range of motion, normal neurological examination, and no focal deficits (Tr. 360 - 361, 368)." *Id.* at 5 - 6. The Commissioner's reference to the findings of the State

---

[6]The role of the court is to evaluate the ALJ's decision "based solely on the reasons stated in the decision." *Robinson v. Barnhart,* 366 F.3d 1078, 1084 (10th Cir. 2004) (citation omitted).

agency medical experts, however, reveals another deficiency in the decision: the ALJ never addressed the findings or opinions of the State agency experts with regard to the Plaintiff's physical capacity.[7]

The Commissioner concludes by pointing out various normal findings from Dr. Anderson's numerous physical examinations of the Plaintiff and making a *post hoc* effort to establish that Dr. Anderson's treatment records do not support his opinion of Plaintiff's functional restrictions. *Id.* at 5 - 7. Again, these are the observations of the Commissioner and not the ALJ. *See Robinson,* 366 F.3d at 1084.

**RECOMMENDATION AND NOTICE OF RIGHT TO OBJECT**

For the foregoing reasons, the undersigned recommends that the Commissioner's decision be reversed and the matter remanded for further proceedings.

The parties are advised of their right to object to this Report and Recommendation by February 24, 2011, in accordance with 28 U.S.C. §636 and Fed. R. Civ. P. 72. The parties are further advised that failure to make timely objection to this Report and Recommendation waives their right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the Magistrate Judge in this matter.

---

[7]Thus, the evidentiary support for the ALJ's residual functional capacity assessment is unclear.

ENTERED this 4th day of February, 2011.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE